UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CR-565-CDP |
| | ) | |
| DEMETRIUS JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DEMETRIUS JOHNSON'S MOTION TO SUPPRESS EVIDENCE OBTAINED DURING UNLAWFUL SEARCH OF RESIDENCE**

Defendant Demetrius Johnson ("Johnson"), by and through undersigned counsel, respectfully moves to suppress all evidence illegally seized during the search of a residence located at 1264 Grant Drive in St. Louis, Missouri. Johnson also moves to suppress all evidence that was derived from information or items obtained during the search pursuant to the fruit of the poisonous tree doctrine.

**I.      Background**

On June 28, 2018, Johnson was initially charged in an indictment with three counts. (Doc. 1). On August 9, 2018, the Government sought, and the grand jury returned, a superseding indictment charging 16 defendants with 18 counts. (Doc. 179). Johnson was charged in four of those counts: Counts 1, 2, 3, and 16. (*Id.*). On July 10, 2019, upon the Government's motion, Count 16 was dismissed. (Doc. 472). Johnson has pled not guilty to all counts.

Count 1 alleges that Johnson knowingly and intentionally conspired to distribute and possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846. (*Id.*).

Count 2 alleges that Johnson knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and that the death of J.W. resulted from the use of such fentanyl distributed by Johnson making the offense punishable under 21 U.S.C. § 841(b)(1)(C). (*Id.*).

Count 3 alleges that on or about December 3, 2016, Johnson, along with two codefendants:

> acting together and with others, known and unknown, did knowingly possess one or more firearms in furtherance of the commission of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with the intent to distribute narcotics, including but not limited to fentanyl, as charged in Count 1 herein, and in the course of such violation, caused the death of David Bryant, through the use of one or more firearms. In violation of Title 18, United States Code, Sections 2, 924(c)(1)(A), and 924(j). And in the course of this violation caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, in that the defendants acting together and with others, with malice aforethought, unlawfully killed David Bryant, by shooting him with one or more firearms, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j).

(*Id.*).

Discovery provided by the Government reveals that on July 18, 2018, law enforcement officers executed numerous search warrants on residences in St. Louis City and County. Relevant to the present motion, law enforcement officers executed a search at 1264 Grant Drive, St. Louis, Missouri 63132 (hereinafter, the "residence"). The search occurred at approximately 6:05 a.m., and law enforcement seized numerous items from inside the residence. Additionally, officers conducted a search of a vehicle allegedly parked in the driveway of the residence.

Prior to executing the searches of the residence and the vehicle, Special Federal Officer ("SFO") Michael Betz applied for and obtained a search and seizure warrant dated July 16, 2018.

2

This warrant purported to provide the officers with legal authority to search the residence. There was no warrant purporting to provide the officers with legal authority to search the vehicle.

Suppression of the evidence seized during these searches is necessary as the search of the residence violated Johnson's rights under the Fourth Amendment to the United States Constitution in that the warrant was not supported by sufficient probable cause and thus should not have issued. The search of the vehicle violated Johnson's rights under the Fourth Amendment because it was a warrantless search of a parked car—making the search plainly unconstitutional.

Because the warrant should not have issued and because the search of the car was warrantless, all items seized must be suppressed along with any information or items obtained thereafter pursuant to the fruit of the poisonous tree doctrine. *See, e.g., Murray v. United States*, 487 U.S. 533, 536- 37 (1988) (stating that the fruit of the poisonous tree doctrine "bars evidence which, though not obtained in [an] illegal search, was derived from information or items in the search").

**II.    The Warrant Was Not Supported by Sufficient Probable Cause and Thus Should Not Have Issued**

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., Amend IV. "The text of the Amendment itself expressly imposes two requirements: First, all searches and seizures must be reasonable. Second, a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *United States v. Ramirez*, 676 F.3d 755, 759 (8th Cir. 2012) (internal citations omitted).

Here, there was insufficient probable cause presented to the Magistrate Judge that evidence of a crime would be contained within the residence. "An affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause[.]" *Illinois v. Gates*, 462 U.S.

3

213, 239 (1983). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause; his action cannot be a mere ratification of the bare conclusions of others. In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id.* The affidavit in this case is replete with baseless conclusions insufficient to establish probable cause sufficient for issuance of a warrant to search the residence.

The grounds offered in support of the application for a warrant to search the residence includes information allegedly provided by four confidential sources ("CS"): CS 3, 4, 5, and 6. *See* Affidavit at 43. CS 3 has prior arrests and prior convictions and was monetarily compensated for his/her services. *See* Affidavit at 10-11. CS 4 had prior arrests and was, presumably, a drug addict as he/she tragically passed away from a drug overdose during the investigation. *See* Affidavit at 11-12. CS 5 and 6 had prior arrests and CS 6 had a prior conviction. *See* Affidavit at 12-13. One of the confidential sources apparently told law enforcement that Johnson stored proceeds from illicit activities at the residence. *See* Affidavit at 41. However, when officers executed the search of the residence, no proceeds were recovered. Thus, the information ostensibly provided to law enforcement by at least one of the confidential sources was false and, therefore, provided no probable cause sufficient for the issuance of a warrant.

In addition to the unreliable and demonstrably false information allegedly provided by the confidential sources, law enforcement also provided the Magistrate Judge with information relating to physical surveillance of the residence. *See* Affidavit at 43-45. The surveillance revealed nothing more than that Johnson resided at the residence. This is plainly insufficient to establish probable cause to search the residence.

Finally, law enforcement provided the Magistrate Judge with a transcription of an alleged phone conversation between Johnson and co-defendant Christopher Pipes which reads, in relevant part:

> PIPES: Hey, don't forget to bring the shells out for the arski for me. That's what I wanna make sure before you leave the house. You got the key on you? Or you...bring it down there for me?
>
> JOHNSON: Uh-huh, I got it.
>
> PIPES: Alright, I...I'm fucking around pull pass you anyway, since you know I'm taking pictures today. I ain't got no time so...I'mma call you when I'm on my way cuzzo.
>
> JOHNSON: MMMH.

*See* Affidavit at 47.

Following this brief and vague transcription, SFO Betz reaches unfounded conclusions about and uses unjustifiable conjecture to, essentially, make complete guesses about the meanings of the conversation. SFO Betz represents that "Investigators believe this conversation indicates that PIPES is asking JOHNSON to bring him ammunition for an AR rifle. Furthermore, the conversation indicates that JOHNSON has the ammunition at his residence, Location #1, and will bring it to a residence where both JOHNSON and PIPES have access, which investigators believe to be Location #3 (3000A Pennsylvania). Your affiant is of the opinion that this conversation confirms the fact that JOHNSON is storing items related to his criminal activity at his personal residence, Location #1." *See* Affidavit at 47.

It is black letter law that an officer's gut instinct and unjustified conclusions are not sufficient to support a finding of probable cause. *Id.* (citing *Nathanson v. United States,* 290 U.S. 41 (1933)) ("A sworn statement of an affiant that 'he has cause to suspect and does believe that' liquor illegally brought into the United States is located on certain premises will not do"). SFO

5

Betz's conclusions are not, in any way, supported by the brief transcription provided in the affidavit and did not provide sufficient probable cause for issuance of a warrant to search the residence.

### III. The Search of the Vehicle Was Plainly Unconstitutional

The warrant that was issued in this case made absolutely no mention of any vehicle that was to be the target of a search and seizure. Nonetheless, in the FBI 302 report that documented the execution of the warrant on July 18, 2018, it is noted that a Samsung cellular phone was seized from a vehicle allegedly parked in the front driveway. *See* FBI 302 at 2.

Warrantless searches are presumptively unreasonable. *See Groh v. Ramirez*, 540 U.S. 551, 559 (2004). Absent exigent circumstances or an exception to the Fourth Amendment's warrant requirement, the search of the vehicle was unconstitutional, and the evidence seized must be suppressed.

Here, there was no exigency. Johnson was detained in the residence with law enforcement present, no one's life was in danger, and there was no risk that evidence would be destroyed. *See United States v. Ball*, 90 F.3d 260, 263 (8th Cir. 1996). Moreover, no exception to the warrant requirement existed. Accordingly, the search of the vehicle unquestionably represented an unconstitutional warrantless search and the evidence seized from the vehicle must be suppressed.

### IV. Conclusion

Based on the foregoing, this Court should suppress all evidence unconstitutionally seized during the above described searches and all evidence derived from information or items seized during the searches pursuant to the fruit of the poisonous tree doctrine. Johnson respectfully requests an evidentiary hearing.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT JOHNSON

## Certificate of Service

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

>*/s/ William S. Margulis*
>WILLIAM S. MARGULIS, #37625
>JUSTIN K. GELFAND, #62265
>8000 Maryland Ave., Ste. 420
>St. Louis, MO 63105
>Telephone: 314.390.0234
>Facsimile: 314.485.2264
>bill@margulisgelfand.com
>justin@margulisgelfand.com
>ATTORNEYS FOR DEFENDANT JOHNSON