UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:18-CR-565-CDP |
| v. ) | |
| ) | |
| DEMETRIUS JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT DEMETRIUS JOHNSON'S MOTION TO COMPEL</u>**

Defendant Demetrius Johnson ("Johnson"), by and through undersigned counsel, respectfully moves this Court to compel the Government to provide Johnson with access to J.W.'s computer so as to allow for forensic analysis and to compel the Government to disclose cell site simulator data.

**I.   Relevant Background**

On June 28, 2018, Johnson was initially charged in an indictment with three counts. (Doc. 1). On August 9, 2018, the Government sought, and the grand jury returned, a superseding indictment charging 16 defendants with 18 counts. (Doc. 179). Johnson was charged in four of those counts: Counts 1, 2, 3, and 16. (*Id.*). On July 10, 2019, upon the Government's motion, Count 16 was dismissed. (Doc. 472). Johnson has pled not guilty to all counts.

Count 1 alleges that Johnson knowingly and intentionally conspired to distribute and possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846. (*Id.*).

Count 2 alleges that Johnson knowingly and intentionally distributed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in

violation of 21 U.S.C. § 841(a) and that the death of J.W. resulted from the use of such fentanyl distributed by Johnson making the offense punishable under 21 U.S.C. § 841(b)(1)(C). (*Id.*).

Count 3 alleges that on or about December 3, 2016, Johnson, along with two codefendants:

> acting together and with others, known and unknown, did knowingly possess one or more firearms in furtherance of the commission of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with the intent to distribute narcotics, including but not limited to fentanyl, as charged in Count 1 herein, and in the course of such violation, caused the death of David Bryant, through the use of one or more firearms. In violation of Title 18, United States Code, Sections 2, 924(c)(1)(A), and 924(j). And in the course of this violation caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, in that the defendants acting together and with others, with malice aforethought, unlawfully killed David Bryant, by shooting him with one or more firearms, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j).

(*Id.*).

Discovery disclosed by the Government reveals that there is evidence that J.W.—the individual referenced in Count 2 of the superseding indictment who allegedly died from a drug overdose—purchased fentanyl off of the so-called "dark web." As such, Johnson requested that the Government provide J.W.'s laptop computer so that a forensic analysis of the computer could be performed. To date, the Government has refused to provide such access. Because the Government has alleged that fentanyl supplied by Johnson was the but for cause of J.W.'s death, evidence that J.W. obtained fentanyl from other sources is exculpatory and directly relevant to this case.

Discovery disclosed by the Government also reveals that a cell site simulator ("CSS") was utilized in this case to determine what phone numbers and cell phones were being utilized by Johnson. As such, Johnson requested that the Government provide him with the information and

data that was collected by the Government through its use of the CSS. The Government has refused to provide such information. Johnson also requested very specific information regarding the device that was actually utilized—to date, the Government has disclosed no information about the device used, how it operates, or whether it was properly maintained or calibrated. Because the Government apparently utilized a CSS to identify phones used by Johnson, and used this information to seek wiretaps and search warrants, the data collected through use of the CSS is directly relevant and material to Johnson's defense and is, potentially, exculpatory.

## II.    Johnson is Entitled to the Discovery Requested

### A.    J.W.'s Computer

Johnson seeks access to J.W.'s computer because information contained on the computer is directly relevant to the charges he is facing and is potentially exculpatory. Whether J.W.'s death was caused by fentanyl supplied by Johnson is directly at issue in Count 2 of the superseding indictment.

Because information on the computer is relevant and potentially exculpatory with respect to Count 2, it is material to preparing Johnson's defense and is therefore discoverable pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(i) and *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Specifically, Rule 16(a)(1)(E)(i) provides, in pertinent part, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy...data...[and] tangible objects...if the item is within the government's possession, custody, or control and...the item is material to preparing the defense[.]" And *Brady*, of course, held, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

B.     CSS Information and Data

Johnson seeks the information and data acquired by the Government through its use of a CSS in its investigation of this case because this information is directly relevant and material to preparing Johnson's defense and is, at least potentially, exculpatory. As such, it is discoverable under both Rule 16(a)(1)(E)(i) and *Brady* and its progeny. Specifically, Rule 16(a)(1)(E)(i) provides, in pertinent part, "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data,...or copies or portions of any of these items, if the item is within the government's possession, custody, or control and...the item is material to preparing the defense[.]" And *Brady* held, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

As it stands, the Government is in possession of documents and/or data collected through use of a CSS and Johnson has not been permitted any access, at all, to any of it. Johnson has also requested very specific information regarding the device that was actually utilized—to date, the Government has disclosed absolutely no information about the device actually used, how it operates, or whether it was properly maintained or calibrated. This gives Johnson no way of ascertaining whether the information and/or data gathered by the device is reliable.

The information gathered through use of a CSS will allow Johnson to evaluate whether certain assertions by the Government are accurate and will potentially assist this Court in determining the veracity of the Government's assertions made in its applications and affidavits in support of wiretap authorizations and search warrants. Accordingly, the data and information gathered by the Government through its utilization of a CSS is relevant, material to Johnson's

4

defense, and potentially exculpatory and is, therefore, unquestionably discoverable. Johnson is also entitled to information regarding the device used, how it operates, and how it was maintained and calibrated.[1]

### III. Conclusion

Based on the foregoing, and because the Government has refused to provide Johnson with access to J.W.'s computer or the information and/or data gathered by the Government through its use of a CSS, Johnson is left with no choice but to raise this matter with this Court and hereby seeks an order compelling the Government to permit him access to J.W.'s computer and the information generated by the CSS.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT JOHNSON

---

[1] Johnson reserves the right—once he has received information regarding the CSS device used, its operation, and its calibration and/or maintenance—to file a *Daubert* motion concerning whether the information and/or data gathered by the CSS device is sufficiently reliable so as to be admissible.

defense, and potentially exculpatory and is, therefore, unquestionably discoverable. Johnson is also entitled to information regarding the device used, how it operates, and how it was maintained and calibrated.[1]

### III. Conclusion

Based on the foregoing, and because the Government has refused to provide Johnson with access to J.W.'s computer or the information and/or data gathered by the Government through its use of a CSS, Johnson is left with no choice but to raise this matter with this Court and hereby seeks an order compelling the Government to permit him access to J.W.'s computer and the information generated by the CSS.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT JOHNSON

---

[1] Johnson reserves the right—once he has received information regarding the CSS device used, its operation, and its calibration and/or maintenance—to file a *Daubert* motion concerning whether the information and/or data gathered by the CSS device is sufficiently reliable so as to be admissible.

defense, and potentially exculpatory and is, therefore, unquestionably discoverable. Johnson is also entitled to information regarding the device used, how it operates, and how it was maintained and calibrated.[1]

### III. Conclusion

Based on the foregoing, and because the Government has refused to provide Johnson with access to J.W.'s computer or the information and/or data gathered by the Government through its use of a CSS, Johnson is left with no choice but to raise this matter with this Court and hereby seeks an order compelling the Government to permit him access to J.W.'s computer and the information generated by the CSS.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT JOHNSON

---

[1] Johnson reserves the right—once he has received information regarding the CSS device used, its operation, and its calibration and/or maintenance—to file a *Daubert* motion concerning whether the information and/or data gathered by the CSS device is sufficiently reliable so as to be admissible.

defense, and potentially exculpatory and is, therefore, unquestionably discoverable. Johnson is also entitled to information regarding the device used, how it operates, and how it was maintained and calibrated.[1]

### III. Conclusion

Based on the foregoing, and because the Government has refused to provide Johnson with access to J.W.'s computer or the information and/or data gathered by the Government through its use of a CSS, Johnson is left with no choice but to raise this matter with this Court and hereby seeks an order compelling the Government to permit him access to J.W.'s computer and the information generated by the CSS.

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT JOHNSON

---

[1] Johnson reserves the right—once he has received information regarding the CSS device used, its operation, and its calibration and/or maintenance—to file a *Daubert* motion concerning whether the information and/or data gathered by the CSS device is sufficiently reliable so as to be admissible.

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States of America.

>   */s/ William S. Margulis*
>   WILLIAM S. MARGULIS, #37625
>   JUSTIN K. GELFAND, #62265
>   8000 Maryland Ave., Ste. 420
>   St. Louis, MO 63105
>   Telephone: 314.390.0234
>   Facsimile: 314.485.2264
>   bill@margulisgelfand.com
>   justin@margulisgelfand.com
>   ATTORNEYS FOR DEFENDANT JOHNSON