UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:18-CR-565-CDP |
| | ) |
| DEMETRIUS JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT DEMETRIUS JOHNSON'S MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO RELY UPON RULE 404(b) EVIDENCE**

Defendant Demetrius Johnson ("Johnson"), by and through undersigned counsel, respectfully moves this Court to require the Government to provide notice, no later than 45 days before trial, of its intention to rely upon evidence that falls within the scope of Federal Rule of Evidence 404(b).

**I.    Background**

On June 28, 2018, Johnson was initially charged in an indictment with three counts. (Doc. 1). On August 9, 2018, the Government sought, and the grand jury returned, a superseding indictment charging 16 defendants with 18 counts. (Doc. 179). Johnson was charged in four of those counts: Counts 1, 2, 3, and 16. (*Id.*). On July 10, 2019, upon the Government's motion, Count 16 was dismissed. (Doc. 472). Johnson has pled not guilty to all counts.

Count 1 alleges that Johnson knowingly and intentionally conspired to distribute and possess, with the intent to distribute, a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 846. (*Id.*).

Count 2 alleges that Johnson knowingly and intentionally distributed a mixture or

substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a) and that the death of J.W. resulted from the use of such fentanyl distributed by Johnson making the offense punishable under 21 U.S.C. § 841(b)(1)(C). (*Id.*).

Count 3 alleges that on or about December 3, 2016, Johnson, along with two codefendants:

> acting together and with others, known and unknown, did knowingly possess one or more firearms in furtherance of the commission of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: conspiracy to distribute and to possess with the intent to distribute narcotics, including but not limited to fentanyl, as charged in Count 1 herein, and in the course of such violation, caused the death of David Bryant, through the use of one or more firearms. In violation of Title 18, United States Code, Sections 2, 924(c)(1)(A), and 924(j). And in the course of this violation caused the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111, in that the defendants acting together and with others, with malice aforethought, unlawfully killed David Bryant, by shooting him with one or more firearms, willfully, deliberately, maliciously, and with premeditation, thereby making this offense punishable under Title 18, United States Code, Sections 2 and 924(j).

(*Id.*).

## II.   Discussion

Under Federal Rule of Evidence 404(b), evidence of a crime, wrong, or other act of a defendant is not admissible to show that, on a particular occasion, the defendant acted in accordance with that character. However, this evidence may be admissible for the limited purpose of demonstrating motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See* Fed. R. Evid. 404(b)(2).

On the request of a defendant, the Government is required to provide notice, reasonably in advance of trial, "of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2)(A). As to the timing of this reasonable notice, this Court has broad discretion. *See e.g., United States v. Kern*, 12 F.3d 122, 124 (8th Cir. 1993).

In this case, the alleged scope of possible evidence as disclosed in discovery is so broad that early disclosure is necessary so as to meaningfully allow for litigation concerning the scope of evidence that can be lawfully introduced at trial. Based on the allegations and discovery in this case, Johnson respectfully requests notice at least 45 days in advance of trial so as to enable him to conduct a reasonable investigation upon disclosure and to raise any legal objections, if appropriate, with this Court sufficiently in advance of trial.

### III. Conclusion

Based on the foregoing, Johnson respectfully requests that this Court grant this motion, requiring the Government to provide notice no later than 45 days before trial of its intention to rely upon evidence that falls within the scope of Federal Rule of Evidence 404(b).

Respectfully submitted,

**Margulis Gelfand, LLC**

*/s/ William S. Margulis*
WILLIAM S. MARGULIS, #37625
JUSTIN K. GELFAND, #62265
8000 Maryland Ave., Ste. 420
St. Louis, MO 63105
Telephone: 314.390.0234
Facsimile: 314.485.2264
bill@margulisgelfand.com
justin@margulisgelfand.com
ATTORNEYS FOR DEFENDANT JOHNSON

**Certificate of Service**

I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the Office of the United States Attorney and all other counsel in this case.

>	*/s/ William S. Margulis*
>	WILLIAM S. MARGULIS, #37625
>	JUSTIN K. GELFAND, #62265
>	8000 Maryland Ave., Ste. 420
>	St. Louis, MO 63105
>	Telephone: 314.390.0234
>	Facsimile: 314.485.2264
>	bill@margulisgelfand.com
>	justin@margulisgelfand.com
>	ATTORNEYS FOR DEFENDANT JOHNSON