IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. S1-4:18-CR00565-CDP (JMB) |
| | ) | |
| v. | ) | |
| | ) | |
| 1-DEMETRIUS TYRESE JOHNSON, | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR NOTICE OF INTENT TO RELY ON EVIDENCE ADMITTED PURSUANT TO FED. R. EVID. 404(b) (DOC. #587)**

COMES NOW the United States, through its attorneys Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri and Angie E. Danis, Assistant United States Attorney for said District, and responds to the motion for notice of intent to rely on evidence admitted pursuant to Federal Rule of Evidence 404(b), filed by defendant Demetrius Johnson. In support of its response, the government states as follows:

The Government readily concedes that as a general rule, "[E]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Rule 404(b) "is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). Under this rule, evidence of other crimes, wrongs, or bad acts is admissible if:

(1) it is relevant to a material issue;
(2) it is similar in kind and not overly remote in time to the crime charged;

1

>    (3) it is supported by sufficient evidence; and
>    (4) the potential prejudice does not substantially outweigh the probative value.

*Id.* By its own terms, Rule 404(b) provides that where the government intends to invoke it as its grounds for admitting evidence,

> [o]n request by a defendant in a criminal case, the prosecutor must:
>
> **(A)** provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
> **(B)** do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(2). However,

> The rule imposes no specific time limits beyond requiring reasonable pretrial notice and the Committee notes explain that "what constitutes a reasonable ... disclosure will depend largely on the circumstances of each case." Fed.R.Evid. 404(b) cmt.

*United States v. Green*, 275 F.3d 694, 701 (8th Cir. 2001).

At least one Court of Appeals has examined what "circumstances" are relevant in determining whether notice of intent to use Rule 404(b) evidence is timely and reasonable. The United States Court of Appeals for the Eleventh Circuit noted that,

> [t]he Committee notes are silent as to what circumstances are relevant. To fill this gap, we analogize to other evidentiary notice provisions, such as those in the residual hearsay exceptions (Fed.R.Evid. 803(24) and 804(b)(5)), and to notice requirements imposed by discovery orders. We are mindful that the analogies cannot be taken too far, since the language of other notice requirements in the Federal Rules of Evidence is more specific than the "reasonable notice" required by 404(b).

*United States v. Perez-Tosta*, 36 F.3d 1552, 1561 (11th Cir. 1994). After first explaining its rationale, the Eleventh Circuit concluded,

> by analogy to other notice provisions, we can discern three factors the court should consider in determining the reasonableness of pretrial notice under 404(b):

2

>   (1) When the Government, through timely preparation for trial, could have learned of the availability of the witness;
>
>   (2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and
>
>   (3) How significant the evidence is to the prosecution's case.

*Id*. at 1562.  Obviously, these factors can be effectively examined only in retrospect.  As a result, they offer little guidance as to the appropriate timing of a Rule 404(b) notice.

    The government is well aware of its obligations under Rule 404(b).  In the instant case – as in every case – the government fully intends to comply with the terms of Rule 404(b), including the notice provision.  The government would note, however, that the instant case has not yet been scheduled for trial.  The government has not yet begun to consider what evidence it would present in the event of trial.

## CONCLUSION

Rule 404(b) requires that, having received a request by defendant for such notice, the government provide "reasonable notice" of the general nature of any evidence it would intend to offer at trial pursuant to that rule. Inasmuch as the case remains in the pre-trial motions stage and has not yet been set for trial, the government respectfully requests that, to the extent that Johnson's motion seeks *immediate* notice of intent to admit Rule 404(b) evidence, it be denied. The government acknowledges its obligation to provide "reasonable notice" of Rule 404(b) evidence and shall comply with the same.

Respectfully submitted,

JEFFREY B. JENSEN
UNITED STATES ATTORNEY

/s/ *Angie E. Danis*
ANGIE E. DANIS, #64805MO
LISA M. YEMM, #64601MO
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by way of the Court's electronic filing system upon counsel for the defendant.

/s/  *Angie E. Danis*
ANGIE E. DANIS, #64805MO
LISA M. YEMM, #64601MO